```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE           * MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS       *
                                      Case Nos.
LIABILITY LITIGATION                * 4:13-cv-476 (Young)

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Janice Young was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mrs. Young brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Young also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Her husband Raymond brought a loss of consortium claim. Mentor seeks summary judgment on the Plaintiffs' claims, contending they are time-barred. As discussed below, the Court finds that Plaintiffs' claims are time-barred, so Mentor's summary judgment motion (ECF No. 49 in 4:13-cv-476) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Janice Young suffered from stress urinary incontinence. Dr. John Brizzolara implanted Mrs. Young with ObTape on November 17, 2003.  Although her urinary incontinence initially improved, it got much worse within a month of the surgery.  Over the next three years, Dr. Brizzolara treated Mrs. Young for the recurrent incontinence.  In 2006, Dr. Brizzolara discovered a urethral cutaneous fistula and performed surgery to repair it.  During that surgery, Dr. Brizzolara encountered Mrs. Young's ObTape, and he removed what he believed to be the entire tape so that he could close the fistula.  Dr. Brizzolara did not believe that the ObTape caused the fistula.  Mrs. Young later underwent several additional procedures to treat her stress urinary incontinence.

In January 2008, Mrs. Young presented to Dr. Brizzolara complaining of bloody vaginal discharge and a bulge around her stoma. Dr. Brizzolara diagnosed Mrs. Young with a parastomal hernia. On February 25, 2008, Dr. Brizzolara performed surgery on Mrs. Young to repair the hernia. During the surgery, he found that some remaining ObTape had eroded into Mrs. Young's vagina, and he removed it. He also found granulation tissue, and he concluded that the granulation tissue and the vaginal discharge were both caused by ObTape. Brizzolara Dep. 97:6-15, ECF No. 50-3 in 4:13-cv-476; *accord* Lewis Suppl. Decl. Ex. A, Operative Report (Feb. 25, 2008), ECF No. 53-3 in 4:13-cv-476 (noting "[v]aginal bleeding secondary to granulation tissue in the vagina secondary to foreign body in the subcutaneous tissue of the vagina consistent with old suburethral sling" and that Dr. Brizzolara removed the "foreign body from the vagina"). Dr. Brizzolara testified that he would have told Mrs. Young "this is why you had the bleeding was because of the granulation tissue. The granulation tissue was because of the exposed graft." Brizzolara Dep. 108:23-109:1. Mrs. Young denies that Dr. Brizzolara ever told her that he removed ObTape from her body. She did not point to any evidence that she asked Dr. Brizzolara about the cause of injuries. In fact, she testified: "I just wanted to hear somebody say they were going to fix me, and I didn't ask for details to be honest with you." Young Dep.

66:19-21, ECF No. 50-14 in 4:13-cv-476.  After the February 2008 procedure, Mrs. Young's vaginal bleeding subsided.

The Youngs live in Arkansas, and Mrs. Young's ObTape-related treatment took place in Arkansas.  Mrs. Young asserts claims against Mentor for negligence; design defect; manufacturing defect; failure to warn; breach of implied warranty; breach of express and implied warranty; and punitive damages.  Mr. Young asserts a loss of consortium claim.

## DISCUSSION

The Plaintiffs filed their action in this Court on October 25, 2013 under the Court's direct filing order.  The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint."  Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004.  Plaintiffs live in Arkansas, and all of Mrs. Young's ObTape-related treatment took place in Arkansas.  The parties agree that Arkansas law applies to the Plaintiffs' claims.

Under Arkansas law, "[a]ll product liability actions shall be commenced within three (3) years after the date on which the death, injury, or damage complained of occurs."  Ark. Code Ann. § 16-116-103.  The parties agree that this statute of limitations applies to all of the Plaintiffs' claims.  The statute of limitations "does not commence running until the

4

plaintiff knew or, by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered." *Martin v. Arthur*, 3 S.W.3d 684, 690 (Ark. 1999). In *Martin*, for example, the Arkansas Supreme Court found a jury question on when the statute of limitations began to run because there was a fact dispute as to when the plaintiff discovered or reasonably should have discovered that her injuries were related to the defendant's product. Here, however, there is no such fact dispute.

Mentor contends that Mrs. Young's claims accrued in February 2008 because that is when Dr. Brizzolara removed exposed ObTape from her vagina and connected Mrs. Young's granulation tissue and bleeding symptoms to the ObTape. Although Dr. Brizzolara testified that he would have told Mrs. Young about this diagnosis, Mrs. Young denies that he did. Instead, she claims that she did not suspect that her injuries might be related to ObTape until 2012, when she saw a television commercial regarding mesh complications. But in 2008, Dr. Brizzolara concluded that some of Mrs. Young's symptoms were related to ObTape. He believes he told Mrs. Young of this conclusion, and he documented this conclusion in his operative notes. Presumably, had Mrs. Young asked Dr. Brizzolara about his conclusions following the surgery, he would have shared this information with her. But Mrs. Young "didn't ask for details"

5

about the procedure.  Young Dep. 66:20.  If Mrs. Young had exercised reasonable diligence by following up with her doctor after the February 2008 surgery, she would have been on notice that at least some of her injuries may have been related to ObTape.  A reasonable person in that situation would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem caused by one of Mrs. Young's prior procedures, or some other problem.

Mrs. Young pointed to no evidence that she exercised reasonable diligence to investigate her potential claims even though she could have known in February 2008, had she asked her doctor, that there was a connection between at least some of her injuries and ObTape.  Thus, Mrs. Young's claims accrued in February 2008.  She did not bring this action until more than five years later, on October 25, 2013.  Her claims are therefore time-barred under Arkansas law.  Mr. Young's derivative loss of consortium claim is likewise time-barred.  *See Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 816 (8th Cir. 1969) ("In Arkansas, as in some other jurisdictions, a suit to recover for loss of consortium is characterized as derivative.").

## CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 49 in 4:13-cv-476) is granted.

IT IS SO ORDERED, this 28th day of October, 2016.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA