```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION


IN RE MENTOR CORP. OBTAPE          *  MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS      *
                                      Case Nos.
LIABILITY LITIGATION               *  4:13-cv-476 (Young)
```

O R D E R

Umpires do not always get it right. A motion for reconsideration, which is likely the least granted motion in the federal judiciary, triggers the judicial instant replay. While the judicial replay may not be quite as "instant" as the reversal of a "safe" to an "out," it has the same purpose. It allows judges to reverse a wrong decision. For the reasons explained in the remainder of this Order, the Court does so here.

The Court previously granted Mentor's summary judgment motion (ECF No. 49 in 4:13-cv-476), concluding that Plaintiff Janice Young's claims against Defendant Mentor Worldwide were time-barred under Arkansas law and that her husband's derivative loss of consortium claim failed for that reason. Young filed a motion for reconsideration (ECF No. 58 in 4:13-cv-476). Young contends that there is a genuine fact dispute on when her claims arose. Upon reconsideration, under the unique circumstances of this case, the Court agrees with Young. The Court hereby

vacates its previous Order (ECF No. 56 in 4:13-cv-476) and replaces it with this Order.

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Janice Young was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mrs. Young brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Young also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Her husband Raymond brought a loss of consortium claim. Mentor seeks summary judgment on the Plaintiffs' claims, contending they are time-barred. As discussed below, the Court finds that Plaintiffs' claims are not time-barred as a matter of law, so Mentor's summary judgment motion (ECF No. 49 in 4:13-cv-476) is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party

opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Janice Young suffered from stress urinary incontinence. Dr. John Brizzolara implanted Mrs. Young with ObTape on November 17, 2003. Although her urinary incontinence initially improved, it got much worse within a month of the surgery. Over the next three years, Dr. Brizzolara treated Mrs. Young for the recurrent incontinence. In 2006, Dr. Brizzolara discovered a urethral cutaneous fistula and performed surgery to repair it. During that surgery, Dr. Brizzolara encountered Mrs. Young's ObTape, and he removed what he believed to be the entire tape so that he could close the fistula. Dr. Brizzolara did not believe that the ObTape caused the fistula. Mrs. Young later underwent several additional procedures to treat her stress urinary incontinence.

In January 2008, Mrs. Young presented to Dr. Brizzolara complaining of bloody vaginal discharge and a bulge around her stoma. Dr. Brizzolara diagnosed Mrs. Young with a parastomal hernia. On February 25, 2008, Dr. Brizzolara performed surgery

on Mrs. Young to repair the hernia. During the surgery, he found that some remaining ObTape had eroded into Mrs. Young's vagina, and he removed it. He also found granulation tissue, and he concluded that the granulation tissue and the vaginal discharge were both caused by ObTape. Brizzolara Dep. 97:6-15, ECF No. 50-3 in 4:13-cv-476; *accord* Lewis Suppl. Decl. Ex. A, Operative Report (Feb. 25, 2008), ECF No. 53-3 in 4:13-cv-476 (noting "[v]aginal bleeding secondary to granulation tissue in the vagina secondary to foreign body in the subcutaneous tissue of the vagina consistent with old suburethral sling" and that Dr. Brizzolara removed the "foreign body from the vagina"). Dr. Brizzolara testified that he would have told Mrs. Young "this is why you had the bleeding was because of the granulation tissue. The granulation tissue was because of the exposed graft." Brizzolara Dep. 108:23-109:1. Mrs. Young, however, testified that Dr. Brizzolara "never told [her] he was removing tape, ever. I never heard anything about tape." Young Dep. 28:25-29:3, ECF No. 50-14 in 4:13-cv-476. After the February 2008 procedure, Mrs. Young's vaginal bleeding subsided. Young testified that she did not connect any of her symptoms to ObTape until 2012. *Id.* at 120:19-21.

    The Youngs live in Arkansas, and Mrs. Young's ObTape-related treatment took place in Arkansas. Mrs. Young asserts claims against Mentor for negligence; design defect;

4

manufacturing defect; failure to warn; breach of implied warranty; breach of express and implied warranty; and punitive damages.  Mr. Young asserts a loss of consortium claim.

## DISCUSSION

The Plaintiffs filed their action in this Court on October 25, 2013 under the Court's direct filing order.  The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint."  Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004.  Plaintiffs live in Arkansas, and all of Mrs. Young's ObTape-related treatment took place in Arkansas.  The parties agree that Arkansas law applies to the Plaintiffs' claims.

Under Arkansas law, "[a]ll product liability actions shall be commenced within three (3) years after the date on which the death, injury, or damage complained of occurs."  Ark. Code Ann. § 16-116-103.  The parties agree that this statute of limitations applies to all of the Plaintiffs' claims.  The statute of limitations "does not commence running until the plaintiff knew or, by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered."  *Martin v. Arthur*, 3 S.W.3d 684, 690 (Ark. 1999).  In *Martin*, for example, the Arkansas Supreme Court found a jury question on when the statute of limitations began

to run because there was a fact dispute as to when the plaintiff discovered or reasonably should have discovered that her injuries were related to the defendant's product. Here, there is a similar fact dispute.

Mentor contends that Mrs. Young's claims accrued in February 2008 because that is when Dr. Brizzolara removed exposed ObTape from her vagina and connected Mrs. Young's granulation tissue and bleeding symptoms to the ObTape. Although Dr. Brizzolara testified that he would have told Mrs. Young about this diagnosis, Mrs. Young denies that he did. Thus, there is a fact question on whether Dr. Brizzolara told Mrs. Young that he had removed ObTape from her body and that the ObTape caused some of her symptoms. Under Mrs. Young's version of the facts, she had no idea in February 2008 that any of her injuries were related to ObTape. Rather, the evidence viewed in the light most favorable to Mrs. Young suggests that (1) Mrs. Young was diagnosed with a parastomal hernia that needed to be repaired, (2) the surgery was prompted by the hernia only and not by any diagnosis related to Mrs. Young's ObTape, and (3) during the hernia repair surgery, Mrs. Young's doctor excised a small piece of ObTape that he did not tell Mrs. Young about. Mentor contends that a reasonable person in Mrs. Young's situation would have, as a matter of law, followed up with Dr. Brizzolara to find out what had caused her bleeding symptoms and

that if she had done so she would have been on notice that some of her injuries were related to ObTape.  But based on the evidence viewed in the light most favorable to Mrs. Young, a jury could conclude that Mrs. Young's February 2008 hernia surgery was not prompted by any diagnosis regarding Mrs. Young's ObTape and that the ObTape excision during that surgery was merely coincidental.  And a jury could conclude that as far as Mrs. Young knew, she needed surgery to repair a hernia and her symptoms improved after the surgery.  Under these facts, the Court is not convinced, *as a matter of law*, that every reasonable person in Mrs. Young's situation would have followed up further to determine the cause of her injuries.  For these reasons, the Court finds that there is a genuine fact dispute on when Mrs. Young's claims accrued under Arkansas law.

## CONCLUSION

As discussed above, Mrs. Young's motion for reconsideration (ECF No. 58 in 4:13-cv-476) is granted, the Court's previous Order (ECF No. 56 in 4:13-cv-476) is vacated, and Mentor's summary judgment motion (ECF No. 49 in 4:13-cv-476) is denied.

This action is ready for trial.  Within seven days of the date of this Order, the parties shall notify the Court whether they agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 5th day of December, 2016.

                                S/Clay D. Land
                                CLAY D. LAND
                                CHIEF U.S. DISTRICT COURT JUDGE
                                MIDDLE DISTRICT OF GEORGIA